# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Appellant,<br><br>          v.<br><br>MICHAEL LEE WAYNE BERGMAN,<br><br>                    Respondent. | No. 79465-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Bergman appeals his sentence following convictions for 5 felony counts. He argues that remand for resentencing is required because the trial court mistakenly believed that it lacked discretion to impose concurrent sentences for his firearm-related convictions. He also contends that his trial counsel was ineffective for failing to inform the court of its authority to impose concurrent sentences for his firearm-related convictions. We affirm.

## FACTS

In the present case, the State charged Michael Bergman with five felony counts, including possession of a stolen vehicle, first degree unlawful possession of a firearm, possession of a stolen firearm, residential burglary, and second degree burglary. The charges were based on the State's allegation that Bergman burglarized a home and tool shed in July 2016. The State alleged that Bergman stole a firearm from the home and a motorcycle from the shed. In August 2018, a jury found Bergman guilty as charged.

Citations and pin cites are based on the Westlaw online version of the cited material.

Bergman also faced charges under 6 separate cause numbers for incidents that occurred between July 2016 and July 2018. The charges mainly involved drug and stolen property offenses, but also included 2 counts of attempting to elude a pursuing police vehicle. Bergman pleaded guilty to all of the charges in November 2018. Among the present case and 6 other cases, he was convicted of a total of 17 felony counts.

In January 2019, the trial court held a single sentencing hearing for Bergman's 17 felony convictions. He had previously been convicted of 5 felony and 14 misdemeanor counts. His offender score for each new felony conviction ranged from a low of 20 to a high of 31.

The State asked the trial court to impose an exceptional sentence of 332 months, or about 28 years, of confinement under RCW 9.94A.535(2)(c). It explained that in the present case, the controlling sentencing range was 87 to 116 months for the first degree unlawful possession of a firearm charge. It asked the court to impose 116 months for the unlawful possession of a firearm charge and 96 months for the possession of a stolen firearm charge, for a total of 212 months. It stated that the two firearm-related charges "must run consecutive" to one another. Further, instead of running the sentences in the other six cases concurrently, the State asked the court to run one of the sentences consecutively. Specifically, it asked the court to impose a high end sentence of 120 months for a possession of a controlled substance with intent to manufacture or deliver charge, and run it consecutive to the 212 month sentence. It explained that imposing a

total sentence of 332 months would ensure that Bergman's high offender score would not result in numerous felony convictions going unpunished:

> [W]hen Mr. Bergman was convicted on the five charges [in the present case], his offender score was maxed out and any additional felony charges at that point would not affect the standard sentencing range. If all of those run [con]current, essentially you are looking at 12 felony counts which are quite serious in nature going unpunished.

In contrast, Bergman sought a prison-based drug offender sentencing alternative (DOSA). The DOSA would have resulted in 92 months, or about 8 years, of confinement, with the second half of the 92 months served on community custody. Defense counsel explained that Bergman had a chemical dependency issue, and that all of his offenses were driven by that issue. He therefore argued that a DOSA was "the right solution or the right option for [Bergman] to take to build a foundation of sobriety that he can then rebuild his life on."

Alternatively, Bergman requested that the trial court impose a sentence on the low end of the standard sentencing range in the present case, for a total of 159 months, or about 13 years, of confinement. He asked that the sentences in the other 6 cases run concurrent to that sentence. In requesting a low end sentence, defense counsel agreed with the State that the sentences for Bergman's two firearm-related convictions must run consecutively:

> I spent a lot of time in my briefing talking about consecutive versus concurrent sentences, and just to reiterate our position, I don't think there is -- there is no doubt that RCW 9.94A.589 requires, subsection (1)(c), requires this Court to run the so-called [unlawful possession of a firearm], the gun charge, felon in possession of a firearm and possession of stolen firearm charges, those must be run consecutively.

He explained that the low ends of the standard ranges for the unlawful possession of a firearm and possession of a stolen firearm charges were 87 months and 72 months, respectively. If the sentences for the other 15 felony counts ran concurrent with those, Bergman would face a 159 month sentence.

The trial court denied Bergman's request for a DOSA. While recognizing his substance abuse disorder, it found that a DOSA was not in the community's best interest given his extensive criminal history. It explained,

> There are any number of opportunities that you have had to step off the terrible roller coaster ride that you have been on with addiction, to seek help, to reach out to your sponsor, to put your sobriety first, and throughout all of that, you always had the choice of not committing crimes. But you have committed a lot of them, and many of these crimes have victimized individuals and have put others at risk. Attempting to elude a police vehicle is a very risky crime, [it] all too often results in horrible motor vehicle collisions.

Further, the court declined the State's recommendation to impose an exceptional sentence of 332 months. It stated,

> In looking at the overall nature of your crimes and what the Court considers to be a just and equitable sentence given the matters in front of me and your criminal conviction history, I have concluded that I am not going to impose consecutive sentence[s] beyond that which I am required to impose, and I am also not going to impose an exceptional sentence.

The trial court imposed 100 months for the unlawful possession of a firearm charge and 80 months for the possession of a stolen firearm charge. It explained that both charges "must be run consecutive" to one another. It ran the sentences for the other 15 felony counts across all 7 cases concurrently. Thus, the court imposed a total of 180 months, or 15 years, of confinement.

Bergman appeals.

4

DISCUSSION

Bergman makes two arguments. First, he argues that remand for resentencing is required because the trial court mistakenly believed that it lacked discretion to impose concurrent sentences for his firearm-related convictions. Alternatively, he argues that he was denied effective assistance of counsel when defense counsel failed to (1) apprise the court of case law allowing it to impose concurrent sentences for his firearm-related convictions and (2) seek an exceptional sentence in the form of concurrent sentences.

I. Concurrent Sentences for Firearm-Related Convictions

Bergman argues first that the trial court mistakenly believed that it lacked discretion to impose concurrent sentences for his firearm-related convictions. As a result, he contends that remand for resentencing is warranted.

A discretionary sentence within the standard range is reviewable where the trial court has refused to exercise its discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range. State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). A trial court errs when (1) "it refuses categorically to impose an exceptional sentence below the standard range under any circumstances" or (2) when it operates under the "mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [the defendant] may have been eligible." State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997); In re Pers. Restraint of Mulholland, 161 Wn.2d 322, 333, 166 P.3d 677 (2007).

5

RCW 9.94A.589(1)(c) provides,

If an offender is convicted under RCW 9.41.040 for unlawful possession of a firearm in the first or second degree and for the felony crimes of theft of a firearm or possession of a stolen firearm, or both, the standard range sentence for each of these current offenses shall be determined by using all other current and prior convictions, except other current convictions for the felony crimes listed in this subsection (1)(c), as if they were prior convictions. <u>The offender shall serve consecutive sentences for each conviction of the felony crimes listed in this subsection (1)(c), and for each firearm unlawfully possessed.</u>

(Emphasis added.) But, if a court finds that a presumptive sentence under RCW 9.94A.589 is "clearly excessive in light of the purpose of the [Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW]," it has discretion to impose an exceptional mitigated sentence. RCW 9.94A.535(1)(g). Among the purposes of the SRA is to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history." RCW 9.94A.010(1).

Bergman relies primarily on <u>McFarland</u>. There, McFarland's trial counsel had agreed with the State as to running his firearm-related sentences consecutively, but had expressed concern about the overall sentence length. <u>McFarland</u>, 189 Wn.2d at 50-51. In responding to that concern, the trial court remarked that the almost 20 year sentence McFarland faced was typically the sentence people receive for second degree murder. <u>Id.</u> at 51. But, neither McFarland's counsel nor the trial court considered imposing an exceptional sentence downward by running the firearm-related sentences concurrently. <u>Id.</u> The trial court stated, "'I don't have—apparently [I] don't have much discretion

6

here. Given the fact that these charges are going to be stacked one on top of another, I don't think—I don't think [the] high end is called for, here.'" Id. (alterations in original).

On appeal, the Washington Supreme Court clarified that "nothing in the SRA preclud[es] concurrent exceptional sentences for firearm-related convictions."[1] Id. at 54. Specifically, it held, "[I]n a case in which standard range consecutive sentencing for multiple firearm-related convictions 'results in a presumptive sentence that is clearly excessive in light of the purpose of [the SRA],' a sentencing court has discretion to impose an exceptional, mitigated sentence by imposing concurrent firearm-related sentences." Id. at 55 (alterations in original) (quoting RCW 9.94A.535(1)(g)). It further held that remand for resentencing was warranted because the record suggested "at least the possibility that the sentencing court would have considered imposing concurrent firearm-related sentences had it properly understood its discretion to do so." Id. at 59. It cited the fact that the trial court indicated some discomfort with its apparent lack of discretion, and "commented that McFarland's standard range sentence was equivalent to that imposed for second degree murder." Id. at 58-59.

Like McFarland, Bergman argues that the record suggests the possibility that the trial court would have imposed a different sentence had it understood its

---

[1] In contrast, judicial discretion to impose concurrent sentences as part of an exceptional sentence does not extend to firearm enhancements for adult offenders. State v. Brown, 139 Wn.2d 20, 29, 983 P.2d 608 (1999), overruled in part by State v. Houston-Sconiers, 188 Wn.2d 1, 21, 391 P.3d 409 (2017) (overruling Brown's holding that judicial discretion to impose an exceptional sentence does not extend to firearm enhancements with regard to juvenile offenders).

discretion to run his firearm-related sentences concurrently. He cites the court's statement that it was not going to impose consecutive sentences beyond that which it was "required to impose." This statement implies that the court may have misunderstood its authority to impose concurrent firearm-related sentences if it found that Bergman's presumptive sentence was clearly excessive in light of the SRA.

But, unlike McFarland, the trial court did not state that it lacked discretion to impose an exceptional sentence. Nor did it express discomfort in imposing consecutive sentences within the standard range for Bergman's firearm-related convictions. Rather, it denied Bergman's request for a DOSA in light of his extensive criminal history. It noted that Bergman had committed "a lot" of crimes, many of which had "victimized individuals" and "put others at risk." The DOSA would have resulted in 92 months of confinement, with the second half of that 92 months served on community custody. Further, the court denied Bergman's alternative request for consecutive sentences on the low end of the standard range for his firearm-related convictions. Low end sentences for each conviction would have resulted in a total sentence of 159 months of confinement. Instead, the court imposed an even greater sentence of 180 months of confinement. It explained to Bergman,

> [T]he bottom line is the sentence today separates you from society for an extended period of time. Given the frequency with which you were committing crimes, that's in the community's best interest I believe, and you certainly know what is in front of you if you get out of prison and continue in the same thing.

8

The record here does not suggest the possibility that the trial court would have imposed a different sentence had it understood its discretion to run his firearm-related sentences concurrently. As a result, remand for resentencing is not warranted.

II.  Ineffective Assistance of Counsel

Bergman argues in the alternative that he was denied effective assistance of counsel when defense counsel failed to (1) apprise the court of the decision in McFarland and (2) seek an exceptional sentence in the form of concurrent sentences.

We review ineffective assistance of counsel claims de novo. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To demonstrate that he received ineffective assistance of counsel, Bergman must show that (1) his counsel's performance fell below an objective standard of reasonableness based on consideration of all the circumstances and (2) the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Nichols, 161 Wn.2d 1, 8, 162 P.3d 1122 (2007). The reasonableness inquiry requires the defendant to show the absence of legitimate strategic or tactical reasons for the challenged conduct. State v. McFarland, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995). Prejudice is present if there is a reasonable probability that, but for counsel's error, the result would have been different. Id. at 334-35. If one of the two prongs of the test is absent, we need not inquire further. Strickland, 466 U.S. at 697; State v. Foster, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

As established above, the record here does not suggest that the trial court would have imposed an exceptional sentence in the form of concurrent sentences for Bergman's firearm-related convictions had defense counsel made such a request. Thus, Bergman cannot establish that he was prejudiced by defense counsel's decision not to request concurrent sentences under McFarland. Accordingly, his ineffective assistance of counsel claim fails.

We affirm.

*Appelwick, J.*

WE CONCUR:

*Chun, J.*        *Mann, C.J.*